UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| GREYLOR P.,<br><br>Petitioner,<br><br>vs.<br><br>SHERIFF OF LAWRENCE COUTNY, OFFICIAL CAPACITY; FIELD OFFICE DIRECTOR, ST. PAUL FIELD OFFICE, OFFICIAL CAPACITY; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, OFFICIAL CAPACITY; U.S. DEPARTMENT OF HOMELAND SECURITY, (DHS); AND LAWRENCE COUNTY JAIL,<br><br>Respondents. | 5:26-CV-05132-RAL<br><br>ORDER DIRECTING RESPONSE |

Petitioner Greylor P. filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241 on October 30, 2026. Doc. 1. Greylor P. alleges that officers with the Department of Homeland Security's Immigration and Customs Enforcement arrested him without a warrant at the Walmart in Rapid City, South Dakota, on October 21, 2026. Id. at 6; Doc. 1-1 at 3, 13. He claims he was initially detained at the Pennington County Jail but is currently detained at the Lawrence County Jail. Doc. 1-1 at 4. Greylor P. alleges he is a citizen of Venezuela and that he resides in New York. Doc. 1-1 at 13–14. He claims that his arrest and detention are unlawful and seeks a response from Respondents, production of the "custody record," and release if his detention is found to be unlawful. Doc. 1 at 7; Doc. 1-1 at 11. He alternatively seeks a bond or custody hearing.

This Court and multiple other district courts within the Eighth Circuit have applied the factors from Mathews v. Eldrige, 424 U.S. 319 (1976), to decide whether ICE violated a noncitizen's due process rights by detaining him without a bond hearing. Gobind G. v. Dean, 5:26-CV-05094, 2026 WL 2531772, at *3–5 (D.S.D. Aug. 27, 2026); Maan v. Att'y Gen. of U.S., 5:26-CV-05087, 2026 WL 2410624, at *3–5 (D.S.D. Aug. 18, 2026); Aleksei M. v. Warden, Lawrence Cnty. Jail, No. 5:26-05030, 2026 WL 1133615, at *5–7 (D.S.D. Apr. 27, 2026). This Court found a due process violation in Aleksei M. but not in Gobind G. and Maan. This Court has a limited record before it and cannot tell for sure what led to Greylor P.'s arrest and whether his detention violates due process. This Court will give Respondents 16 days to file a response so that this Court can better understand the issues here and ensure the case is handled promptly. Accordingly, it is

ORDERED THAT:

1. The Clerk of Court deliver and serve a copy of the Petition (Doc. 1) and attachments thereto on the United States Attorney for the District of South Dakota, deliver and serve a copy of the petition on the Lawrence County State's Attorney's Office, and provide a courtesy copy to the Attorney General of South Dakota.
2. Respondents are directed to file an answer to petitioner's petition for a writ of habeas corpus no later than November 19, 2026, certifying the true cause and proper duration of Petitioner's confinement and showing cause why the writ should not be granted in this case.
3. Respondents' answer should include:

a. Such affidavits and exhibits as are needed to establish the lawfulness and correct duration of Petitioner's arrest and detention in light of the issues raised in the habeas petition;

b. A reasoned memorandum of law and fact explaining respondents' legal position on Petitioner's claims; and

c. Respondents' recommendation on whether an evidentiary hearing should be conducted.

4. If Petitioner intends to file a reply to Respondents' answer, he must do so by no later than November 30, 2026.

DATED this 3rd day of November, 2026.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE